IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 09-60179-AA |
| Plaintiff | ORDER |
| v. | |
| LARRY DALE JOHNSON, | |
| Defendant. | |

AIKEN, Chief Judge:

On December 1, 2010, defendant was sentenced to forty-six months imprisonment after his conviction for being a felon in possession of a firearm. Defendant directly appealed his conviction and sentence to the Ninth Circuit, and his appeal remains pending.

Defendant subsequently filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence on grounds of judicial vindictiveness, vindictive prosecution, ineffective assistance of

1   - ORDER

counsel, and presentence investigation errors. The government moves to dismiss defendant's § 2255 motion due to the pendency of his direct appeal.

Though not a jurisdictional admonition, the Ninth Circuit discourages the simultaneous consideration of a direct appeal and a § 2255 motion. See United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997); Feldman v. Henman, 815 F.2d 1318, 1320 (9th Cir. 1987) ("A district court *should not* entertain a habeas corpus petition while there is an appeal pending in this court or in the Supreme Court."). The Ninth Circuit seeks to promote judicial economy by preventing convicted persons from "engaging the attention of two courts on the same case at the same time." Pirro, 104 F.3d at 299. I find no basis to deviate from Ninth Circuit direction in this case.

Accordingly, the government's Motion to Dismiss (doc. 132) is GRANTED and defendant's Motion Under 28 U.S.C. § 2255 (doc. 129) is DISMISSED without prejudice. All other pending motions (docs. 133, 134, 135, 137, 138) are DENIED as moot.

IT IS SO ORDERED.

Dated this 9th day of November, 2011.

_____
Ann Aiken
United States District Judge

2    - ORDER