UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    No. 6:09-cr-60179-AA

        Plaintiff,                          OPINION AND ORDER

   v.

LARRY DALE JOHNSON,

        Defendant.
_____

AIKEN, Chief Judge:

After a stipulated facts proceeding on July 16, 2010, the court found defendant guilty of being a felon in possession of a firearm. On December 1, 2010, defendant was sentenced to a 46-month term of imprisonment and a 36-month term of supervised release. Defendant moves to vacate his conviction and sentence due to ineffective assistance of counsel and prosecutorial misconduct. Defendant's motion (doc. 187) is denied.

1   - OPINION AND ORDER

A. Ineffective Assistance of Trial Counsel

Defendant argues that he did not voluntarily agree to a stipulated facts trial and now disputes many of the stipulated facts presented to the court. Defendant maintains that his trial counsel was ineffective by allowing defendant to agree to the stipulated facts trial, conducting an inadequate investigation, and failing to present critical evidence during the sentencing phase. Defendant's arguments are patently without merit.

Under Strickland v. Washington, 466 U.S. 668 (1984), an ineffective assistance of counsel claim has two components. "First, the defendant must show that counsel's performance was deficient" and "fell below an objective standard of reasonableness." Id. at 687-88. "Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Defendant fails to show either element.

First, the record belies defendant's argument that his agreement was not knowing or voluntary. To the contrary, defendant signed an agreement stating that he "knowingly and intelligently" waived his right to jury trial. Doc. 57. Further, defendant signed a "Stipulation to Testimony for Trial by the Court" that described

2   - OPINION AND ORDER

the testimony of government witnesses, documentary evidence and expert opinions presented for the court's consideration in determining the charge against defendant. Doc. 58. Defendant agreed that the stipulated facts "will support a factual basis for the Court to find beyond a reasonable doubt that [defendant] is guilty." Doc. 58 at 11. Defendant also agreed that he would not appeal his conviction or sentence or seek collateral relief under 28 U.S.C. § 2255 (except for ineffective assistance of counsel) if he received a sentence of 46 months or less. Doc. 58 at 12.

The court also engaged in a lengthy and thorough colloquy with defendant to determine that his agreement to a stipulated facts proceeding was, in fact, knowing and voluntary. In open court and under oath, defendant swore that he: 1) voluntarily signed the waiver of his right to jury trial; 2) agreed that the stipulated facts supported a guilty verdict; 3) agreed to forfeit his constitutional rights relating to a criminal trial; 4) agreed to waive his appellate and § 2255 rights if sentenced to 46 months or less; 5) had sufficient time to review the agreement and discuss the case with his attorney; and 6) received adequate legal advice. Transcript of Proceedings (Tr.) 7-15, 18-19 (July 16, 2010).

After defendant informed the court that he had taken pain medication the day before, the court also questioned defendant's

3 – OPINION AND ORDER

medical provider - a nurse practitioner - and asked whether
defendant's medication interfered with his ability to understand
the proceedings or voluntarily make decisions. The nurse
practitioner responded that she had no concerns about defendant's
ability to make voluntary decisions based on his medications, and
that defendant had no cognitive impairment. Tr. 36. She also
testified that defendant "was very knowledgeable, understanding of
what he was prescribed and how it was prescribed. These are
medications that he has been on for some time, and I didn't observe
any effect on his thinking and decision making." Tr. 36.
Defendant's counsel likewise stated that he had no indication that
defendant could not understand the proceedings. Tr. 23.

    After defendant expressed hesitation about consummating the
agreement, the court took a recess and allowed defendant the
opportunity to consider the agreement further and speak with his
counsel and Magistrate Judge Coffin, who had facilitated the
agreement. Upon his return to court, defendant repeatedly declared
under oath that he was freely and voluntarily choosing to follow
his agreement and the stipulation, and that he had "a long and
plentiful time to talk to [defense counsel] about the benefits and
possible detriments or additional complications by going to trial."
Tr. at 47-49. Defendant testified that no person was forcing,

4  - OPINION AND ORDER

intimidating, or threatening him to accept the agreement, and that he was asking the court to accept it as well. Tr. 47-48. The court found that defendant "thoroughly understands [the proceedings] and is not impaired in any way, shape or form visibly, cognitively, or in answer to any questions." Tr. 49.[1]

Notably, defendant presents no evidence that he was unable to appreciate the consequences of his decision or that counsel should have contested his competency. Stanley v. Cullen, 633 F.3d 852, 862-63 (9th Cir. 2011). Further, defendant obtained several concessions from the government in exchange for his agreement. Thus, the record reflects that defendant knowingly and voluntarily agreed to a court trial based on stipulated facts, and counsel was not deficient in "allowing" defendant to enter the agreement.

Second, defendant presents no evidence suggesting that counsel was deficient by conducting an inadequate investigation. Defendant agreed that the stipulated facts presented to the court supported a guilty verdict, though he now "disputes" the evidence he previously agreed was accurate. Regardless, defendant cites no exculpatory evidence that counsel failed to discover. Defendant's belated and unpersuasive retelling of his version of the facts does

---

[1]Defendant also suggests that the court exhibited judicial bias by accepting defendant's waiver of jury trial and stipulated facts. For the same reasons, this allegation lacks any basis in fact.

5    - OPINION AND ORDER

not support an ineffective assistance of counsel claim.

Finally, defendant presents no support for his claim that counsel was ineffective at sentencing, particularly in light of the fact that defendant received a sentence contemplated by his agreement. Therefore, defendant fails to establish ineffective assistance of counsel.

## B. Prosecutorial Misconduct

Defendant maintains that the Assistant United States Attorney (AUSA) involved in this case committed misconduct. This claim is barred by the terms of defendant's agreement with the government, and regardless, defendant cites no credible evidence to support his claim.

Defendant complains that the AUSA improperly cooperated with state authorities before the federal government assumed jurisdiction in this case. However, defendant fails to cite any evidence or authority to show the impropriety of such involvement. With respect to defendant's remaining allegations, defendant fails to present any evidence that the AUSA obtained statements by threat or coercion or otherwise engaged in misconduct. United States v. Zuno-Arce, 339 F.3d 886, 889 (9th Cir. 2003) (a defendant must show that testimony or evidence was actually false, the falsity was known to the prosecution, and the false testimony or evidence was

material).

CONCLUSION

Defendant's Motion to Vacate his conviction and sentence under 28 U.S.C. § 2255 (doc. 187) is DENIED. Defendant's numerous other requests and motions are DENIED as moot, without merit, or as unrelated to his conviction and sentence and not cognizable under § 2255 (docs. 202, 204, 214, 217, 220, 221, 228, 229, 231, 234, 235, 236, 244, 247, 250). The government's motions to strike and/or consolidate defendant's pleadings (doc. 203, 205, 207, 226, 227, 241) are GRANTED to the extent the court did not consider briefing by defendant unless allowed by the court's previous order. See doc. 185. Defendant is advised that further motions or requests related to the validity of his conviction and sentence will be summarily dismissed.

IT IS SO ORDERED.

Dated this ___24___ day of October, 2012.

_____
Ann Aiken
United States District Judge